UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| DeLisa Jackman<br>106 Catalpa Ave.<br>Perth Amboy, NJ 08861<br><br>Plaintiff,<br><br>v.<br><br>Nelson, Hirsch & Associates, Inc.<br>c/o Myrna Varela, Registered Agent<br>1510 Hwy 74, Suite 219<br>Tyrone, GA 30290<br><br>Defendant. | Case No.<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around July 15, 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment.

1

8. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

9. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment several times thereafter.

10. During at least one of these communications, Plaintiff again notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at her place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

11. On or around September 9, 2010, Defendant telephoned Plaintiff at Plaintiff's place of employment.

12. During this communication, Defendant threatened to initiate legal action against Plaintiff.

13. During this communication, Defendant falsely represented that additional fees would be assessed if a lawsuit was filed.

14. On or around September 17, 2010, Defendant telephoned Plaintiff and left a voice message.

15. During this communication, Defendant falsely represented that Defendant was calling Plaintiff regarding legal proceedings for case #103366980.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving Defendant's phone calls.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time and/or place known to be inconvenient for Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Alana Carrion*
    Alana Carrion (Bar No. 015172006)
    17 Academy Street, Suite 610
    Newark, NJ 07102
    Tel: 1.866.339.1156
    Fax: 1.312.822.1064
    axc@legalhelpers.com
    *Attorney for Plaintiff*